OGONNA M. ATAMOH, ESQ.
Nevada Bar No. 7589
E-mail: oatamoh@nevadafirm.com
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail: tedwards@nevadafirm.com
HOLLEY, DRIGGS, WALCH,
PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RAFAEL MEDINA, an individual; LAURA BAUTISTA, an individual; PAOLA HERNANDEZ, an individual; ARTAK MALKHASYAN, an individual; REINA LOPEZ, an individual; MYKHAILO GUMIN, an individual; on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AFTERHOURS CLUBWEAR, LLC; AFTERHOURS HARMON CORNER INC.; NIGHTLIFE, LLC; BODY ART, INC.; PRINT FACTORY, LLC; SIN CITY 1, LLC; PINCHAS BABAYOFF, an individual; STEPHANE KRIEF, an individual; EIDAN BEREBY, an individual; DOES I-X and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | CASE NO.:    2:14-cv-00416-RCJ-NJK<br><br>**JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>State Court Case No. A-14-694038-C |

    A.    Plaintiffs and Defendants (collectively, the "Parties") have entered into a Settlement of the claims asserted in the above-captioned action, the terms of which are set forth in a Settlement Agreement dated June 17, 2014 (the "Settlement Agreement");

    B.    The Court reviewed the pleadings and determined whether the proposed Settlement of the Case on the terms and conditions provided in the Settlement Agreement is fair,

10188-01/1324199.doc

reasonable and adequate and should be approved by the Court, and whether a Final Judgment as provided in the Settlement Agreement should be entered; and

  C. The Court, having considered all matters submitted to the Court in connection with the Settlement Agreement, along with all prior submissions by the Parties to the Settlement and others, and otherwise having determined the fairness and reasonableness of the proposed Settlement;

  NOW, THEREFORE, IT IS HEREBY ORDERED:

  1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

  2. This Court finds that it has jurisdiction over the subject matter of the Litigation, including the terms and conditions of the Settlement Agreement and all exhibits thereto, and over all Parties to the Litigation.

  3. The Court finds that the terms and provisions of the Settlement Agreement were negotiated by the Parties at arm's-length, entered into by the Parties in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties, and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law. The Parties and their counsel are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions. The Court specifically finds that the Settlement of the above-captioned case is fair, reasonable and adequate, considering, inter alia, the strengths and weaknesses of Plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of securing and maintaining class status through trial; the amount of the Settlement; the extent of discovery completed.

  4. Plaintiffs are bound by the Settlement Agreement and by this Final Judgment and Order of Dismissal.

5.   The Litigation is hereby dismissed on the merits and with prejudice. The Parties and all persons and entities are to bear their own costs, except as otherwise provided in the Settlement Agreement or this Final Judgment.

6.   The Plaintiffs, on behalf of themselves, their past, present and future heirs, executors, administrators and personal representatives, do, as of the Settlement Effective Date, hereby irrevocably release, acquit, and forever discharge Defendants of and from any and all claims, rights, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Agreement), liens, charges, complaints, causes of action, obligations, or liability, for all claims that they brought or could have brought in their own right or on a representative basis, that the Plaintiffs directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have that were asserted in the Litigation or that could have been asserted but were not asserted in the Litigation, whether known or unknown, arising out of the alleged underpayment of employee wages.

7.   This release also includes a release of all claims for attorneys' fees, costs and/or expenses and costs incurred by any of Plaintiffs or by Plaintiffs' Counsel in connection with the Litigation and the Settlement of the Litigation, other than the Attorneys' Fees and Costs awarded by the Court in accordance with the Settlement Agreement.

8.   With respect to the Plaintiffs, this release is a full and final general release applying to both those claims released in the Settlement Agreement that are currently known, anticipated, or disclosed to Plaintiffs and to all such claims that are presently unknown, unanticipated, and undisclosed to any and all Plaintiffs arising out of the alleged facts, circumstances, and occurrences underlying: (i) the claims set forth in the Litigation; and (ii) Defendant's conduct with respect to the Litigation.

9.   The terms and provisions of the Settlement Agreement and of this Final Judgment are binding on Plaintiffs, and they are hereby permanently barred and enjoined from commencing any action, suit, arbitration or administrative proceeding, or prosecuting any pending action, suit, arbitration or administrative proceeding, in law or in equity, asserting any of the released claims against Defendants. In the event that any Plaintiff commences or continues

10188-01/1324199.doc

any such action, suit, arbitration or administrative proceeding, Defendant shall be entitled to seek an order from the Court enjoining the continuation of such action, suit, arbitration or administrative proceeding.

10. The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

11. If the Settlement Effective Date does not occur, then:

   a. this Final Judgment and any order or judgment entered after the date of the Settlement Agreement that relates to this Settlement shall be null and void and shall have no force or effect;

   b. the Settlement Agreement, all of its provisions, and all negotiations, statements, documents and proceedings relating to it shall be without prejudice to the rights of Defendants or Plaintiffs, all of whom shall be restored to their respective positions vis-a-vis each other as they existed immediately before the execution of the Settlement Agreement;

   c. neither the Settlement Agreement, nor the fact of its having been made, nor any of the Independent Fiduciary.

12. Nothing in this Final Judgment shall preclude or bar any action or claim to enforce the terms of the Settlement Agreement as approved by the Court or this Final Judgment.

13. The award for attorney's fees to Plaintiffs' Counsel set forth below is reasonable as measured by applicable factors set forth in *Staton v. Boeing, Co.*, 327 F.3d 938, 959 (9th Cir. 2003). The Court specifically finds that the award of attorneys' fees is reasonable, considering, inter alia, the exceptional result achieved on behalf of Plaintiffs; the complexity of the issues in the Case; the risk of recovery in the absence of the Settlement; the results obtained and the amounts recovered on behalf of Plaintiffs; the time and labor required; the novelty and difficulty of the issues involved; the skill required by Plaintiffs' Counsel and the quality of Plaintiffs' Counsel's work; the preclusion of other work for Plaintiffs' Counsel as a result of their prosecution of the Case; the customary fee awarded in similar cases; the fact that Plaintiffs' Counsel worked on a contingent fee basis; the time limits imposed by the circumstances of the

1  Case; the experience, reputation and ability of Plaintiffs' Counsel; the undesirability of
2  prosecuting the Case; and the lack of objection to the fee request on the part of Plaintiffs.

3  14. The award of attorneys' fees set forth below represents a reasonable percentage of
4  the proceeds of the Settlement given the facts and proceedings in the Litigation.

5  15. Accordingly, Plaintiffs' Counsel are awarded Thirty-Three Thousand Eight
6  Hundred Thirty-Three Dollars and 33/100 cents ($33,833.33) in attorneys' fees and costs,
7  consisting of attorneys' fees of approximately Thirty-Three Thousand Three Hundred Thirty-
8  Three Dollars and 33/100 cents ($33,333.33), representing 33% of the Settlement.

9  16   Plaintiffs' Counsel are awarded reimbursement of expenses in the aggregate
10 amount of Five Hundred Dollars and 00/100 cents ($500.00), which shall be paid out of the
11 Settlement Consideration.

12 17. These expenses are fair, reasonable and were necessarily incurred in connection
13 with the prosecution and resolution of this litigation.

14 18. Based upon the evidence and pleadings submitted to the Court, the Court hereby
15 finds that this award is fair and reasonable under the circumstances.

16 19. The Court hereby retains and reserves jurisdiction over all matters relating to the
17 administration, consummation, enforcement, and interpretation of the Settlement Agreement, and
18 for any other necessary purpose, and pursuant to further Orders of this Court.

IT IS SO ORDERED.

_____
RICHARD F. BOULWARE, II
United States District Judge
DATED this 22nd day of October, 2014.

Prepared and Submitted by:
**HOLLEY, DRIGGS, WALCH,
PUZEY & THOMPSON**

/s/ F. Thomas Edwards
OGONNA M. ATAMOH, ESQ. (NBN 7589)
F. THOMAS EDWARDS, ESQ. (NBN 9549)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
*Attorneys for Defendants*

- 5 -